**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICKKE L. GREEN,

      Petitioner-Appellant,

    and

STACEY L. HEMPHILL; ROBERT L.
FOSTER; WILBUR G. COLSTON;
JAMEY L. PATTON; WILLIE
PAYNE; and DANYALE
MCCULLOUGH,

      Petitioners,

v.

JOHN WHETSEL, Sheriff,

      Respondent-Appellee.

No. 05-6260
(D.C. No. 05-CIV-461-L)
(W. D. Okla.)

**ORDER**

Before **HENRY**, **McKAY,** and **EBEL**, Circuit Judges.

This is a pro se 28 U.S.C. § 2241 appeal brought by a state prisoner. The

original plaintiffs in this suit were seven Oklahoma state prisoners who claimed

that they were being unlawfully imprisoned because they were not represented by

counsel at their arraignments. They also sought class certification. Noting the

number of pending state criminal proceedings involving these inmates, a

magistrate recommended that the petition be denied under the *Younger v. Harris* abstention doctrine. 401 U.S. 37 (1971). In the magistrate judge's Report and Recommendation, he clarified "[t]here are ongoing state proceedings concerning the criminal charges filed against Petitioners. Petitioners have an adequate forum to litigate their constitutional claims in a direct appeal should they be convicted . . . . Moreover, Oklahoma has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts." Report and Recommendation, 4 (May 10, 2005, W.D. Okla.). The magistrate judge recommended denying the habeas petition of the prisoners and denying as moot their application for class certification.

Petitioner Green timely filed a written objection to the Report and Recommendation. The district court reviewed the objection but did not find it sufficient to overturn the conclusions of the magistrate judge. The district court adopted the magistrate judge's Report and Recommendation in its entirety. Order, 2 (June 13, 2005, W.D. Okla.). In a further order, the district court denied Petitioner's request to proceed without payment of the filing fee. Order, 2 (Aug. 12, 2005, W.D. Okla.).

Finding no merit in Petitioner's argument, the district court also denied Petitioner's request for certificate of appealability. Order, 2 (Aug. 12, 2005, W.D. Okla.). Petitioner now seeks from this court a certificate of appealability.

The issues he raises on appeal are identical to those brought before the district court.

To grant a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (1994). To meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

Petitioner filed a motion to supplement his brief to our court, which we grant and have reviewed. Application for Leave to Supplement Brief, Nov. 16, 2005.

We have carefully reviewed Petitioner's brief, the district court's disposition, the magistrate judge's recommendation, and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's filing raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the same reasons set forth by the magistrate judge and adopted by the district court in its Order of August 12, 2005, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.*

We **DENY** Petitioner's request for a certificate of appealability and his

request to proceed *in forma pauperis* and **DISMISS** the appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge